JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone:  (415) 315-1669
Facsimile:   (415) 433-5994
E-mail:  jeff@skaggsfaucette.com

Attorneys for Defendants BTL INDUSTRIES,
INC. and SATURN CONSULTING LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZELTIQ AESTHETICS, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>v.<br><br>BTL INDUSTRIES, INC., a Delaware corporation; and SATURN CONSULTING LLC dba Monarch Laser Services<br><br>          Defendants. | Case No.: 3:13-CV-5473-JCS<br><br>**FIRST AMENDED ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF** |

Defendants BTL Industries, Inc. ("BTL") and Saturn Consulting Services ("Monarch") (collectively "Defendants") hereby answer Plaintiff Zeltiq Aesthetics, Inc.'s ("Zeltiq") Complaint for Injunctive Relief, as follows:

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1.

2. Defendants admit that the U.S. Food and Drug Administration ("FDA") has granted clearance to BTL to promote, market, and sell a medical device known as "Vanquish" for deep tissue heating and that the FDA clearance does not claim or reference any use to reduce fat. Except as specifically admitted, Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required and except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 2.

3. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 3 and on that basis deny them.

4. Denied.

## JURISDICTION AND VENUE

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 6.

## INTRADISTRICT ASSIGNMENT

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7.

## PARTIES

8. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 8 and on that basis deny them.

9. BTL admits that it is incorporated in Delaware, that it maintains its principal place of business in Framingham, Massachusetts, and that it is a privately-held company. Except as

1  specifically admitted, Defendants deny the remaining allegations contained in Paragraph 9.

2      10.    Admitted.

## BACKGROUND

4      11.    Defendants lack knowledge and information sufficient to form a belief as to the
5  allegations contained in Paragraph 11 and on that basis deny them.

6      12.    Defendants lack knowledge and information sufficient to form a belief as to the
7  allegations contained in Paragraph 12 and on that basis deny them.

8      13.    Defendants lack knowledge and information sufficient to form a belief as to the
9  allegations contained in Paragraph 13 and on that basis deny them.

10      14.    Defendants lack knowledge and information sufficient to form a belief as to the
11  allegations contained in Paragraph 14 and on that basis deny them.

12      15.    Defendants lack knowledge and information sufficient to form a belief as to the
13  allegations contained in Paragraph 15 and on that basis deny them.

14      16.    Admitted.

15      17.    Admitted.

16      18.    Admitted.

17      19.    Defendants lack knowledge and information sufficient to form a belief as to the
18  allegations contained in Paragraph 19 and on that basis deny them.

19      20.    Defendants admit that they have stated that the FDA cleared Vanquish for applying
20  therapeutic deep heat in body tissues. Except as specifically admitted, Defendants lack knowledge
21  and information sufficient to form a belief as to the remaining allegations contained in Paragraph
22  20 and on that basis deny them.

23      21.    Defendants admit that they have stated that the FDA cleared Vanquish for applying
24  therapeutic deep heat in body tissues and that BTL representatives attended the April 2013
25  meeting of the Boston of the American Society for Lasers Medicine and Surgery, the March 2013
26  meeting of the American Academy of Dermatology, and the April 2013 meeting of the American
27  Society for Aesthetic Plastic Surgery to respond to inquiries from attendees regarding Vanquish.

28

Except as specifically admitted, Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 21 and on that basis deny them.

22. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 22 and on that basis deny them.

23. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23 and on that basis deny them.

24. BTL admits that it caused promotional messages to appear on the cover of the Summer 2013 issue of *New You* and that Exhibit 2 to the Complaint contains two copies of such messages. Except as specifically admitted, Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 and on that basis deny them.

25. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 25 and on that basis deny them.

26. Denied.

27. Denied.

28. Defendants admit that BTL has not received FDA clearance for a device for body contouring or fat reduction. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 28.

29. Defendants admit that the email attached as Exhibit 6 was sent on behalf of BTL. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 29.

30. Denied.

    A. Defendants admit that the website at www.btlvanquish.com states, *inter alia*, that "[t]he Vanquish is FDA cleared for deep tissue heating." Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 30.A.

    B. Defendants admit that the website at www.btlvanquish.com formerly stated



"GO TO INTERNATIONAL SITE," that it now contains a link with the phrase "GO TO NON-US SITE," and that access to the "international" or "non-US" site is not restricted to visitors from internet addresses outside the United States. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 30.B.

C. Defendants admit that the non-US site at www.btlvanquish.com/en/faqs.html contains the statements "[t]he Vanquish is a revolutionary, non-invasive Selective RF™ system designed to deliver energy to your body to eliminate fat cells" and "[t]he Vanquish procedure was clinically tested and cleared." Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 30.C.

D. Defendants admit that the non-US site at www.btlvanquish.com/en/Vanquish-Experience.html formerly appeared as depicted in Exhibit 9 to the Complaint and that the non-US site at www.btlvanquish.com/en/faqs.html formerly appeared as depicted in Exhibit 10 to the Complaint. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 30.D.

E. Defendants admit that the non-US site at www.btlvanquish.com/en/in-the-media.html formerly appeared as depicted in Exhibit 11 to the Complaint. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 30.E.

F. Defendants admit that the non-US site at www.btlvanquish.com/en/seminars.html formerly appeared as depicted in Exhibit 12 to the Complaint. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 30.F.

G. Defendants admit that the non-US site at www.btlvanquish.com/en/about.us formerly appeared as depicted in Exhibit 13 to the Complaint. Except as

specifically admitted, Defendants deny the remaining allegations contained in Paragraph 30.G.

31. Denied.

32. Defendants admit that Kevin Meyers introduced Dr. Amir Moradi to the audience at a workshop held in Los Angeles at the Westin Hotel at Los Angeles International Airport on September 29, 2013. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 32.

33. Defendants admit that Dr. Amir Moradi was the main speaker at a workshop held in Los Angeles at the Westin Hotel at Los Angeles International Airport on September 29, 2013; that Dr. Moradi relayed his experiences with both Vanquish and Exilis machines and how he had used them in his practice; and that Dr. Moradi did use before and after slides supplied by BTL depicting results achieved with Vanquish and Exilis machines. Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 33.

34. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 34 and on that basis deny them.

35. Defendants admit that marketing materials for the Vanquish device can be purchased at www.aestheticmarketingstore.com and that these materials include, *inter alia*, the phrases "conquer your core with Vanquish," "banish the bulge," "make them say . . . what ocean view?" and "don't be cool when you can sizzle." Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 35.

36. Defendants admit that BTL and Monarch hosted a meeting in Carlsbad, California in early October 2013 and that BTL and Monarch provided copies of studies and articles to attendees after attendees requested such information and signed a written request for such information (including the materials contained in Exhibit 2 to the Complaint). Except as specifically admitted, Defendants deny the remaining allegations contained in Paragraph 36.

37. Defendants admit that the American Society for Dermatologic Surgery held its annual meeting in Chicago in October 2013, that BTL was a "Brass Level" sponsor of that

1  meeting, that BTL invited doctors to a "private demonstration" of the Vanquish device at that
2  meeting, and that the invitation included the phrase "a newly FDA cleared technology . . . for non-
3  invasive body shaping." Except as specifically admitted, Defendants deny the remaining
4  allegations contained in Paragraph 37.

FIRST CLAIM FOR RELIEF

6      38.    Defendants incorporate by reference their responses to paragraphs 1-37.
7      39.    Paragraph 39 states legal conclusions to which no response is required.
8      40.    Denied.
9      41.    Defendants admit that the Vanquish is not FDA cleared for body sculpting or fat
10 reduction. Except as specifically admitted, Defendants deny the remaining allegations contained
11 in Paragraph 41.
12     42.    Denied.
13     43.    Denied.
14     44.    Denied.
15     45.    Defendants lack knowledge and information sufficient to form a belief as to the
16 allegations contained in Paragraph 45 and on that basis deny them.
17     46.    Denied.

SECOND CLAIM FOR RELIEF

19     47.    Defendants incorporate by reference their responses to paragraphs 1-46.
20     48.    Paragraph 48 states legal conclusions to which no response is required.
21     49.    Paragraph 49 states legal conclusions to which no response is required.
22     50.    Denied.
23     51.    Denied.
24     52.    Paragraph 52 states legal conclusions to which no response is required.
25     53.    Defendants lack knowledge and information sufficient to form a belief as to the
26 allegations contained in Paragraph 53 and on that basis deny them.

THIRD CLAIM FOR RELIEF



54. Defendants incorporate by reference their responses to paragraphs 1-53.
55. Denied.
56. Denied.
57. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 57 and on that basis deny them.

### FOURTH CLAIM FOR RELIEF

58. Defendants incorporate by reference their responses to paragraphs 1-57.
59. Paragraph 59 states legal conclusions to which no response is required.
60. Denied.
61. Denied.
62. Denied.
63. Defendants lack knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 63 and on that basis deny them.

### AFFIRMATIVE DEFENSES

Defendants set forth their separate and affirmative defenses to the Complaint, without conceding that the burden of proof rests with Defendants with respect to these issues.  Defendants reserve the right to assert such other separate and affirmative defenses as continuing investigation and discovery may disclose.

1. Zeltiq's claims for relief are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or estoppel.
2. Zeltiq's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.
3. Zeltiq has suffered no damages or economic harm as a result of the matters alleged in the Complaint.
4. Zeltiq lacks standing to assert some or all of its claims against Defendants.
5. Some or all of Zeltiq's claims are not ripe for adjudication.
6. Some or all of Zeltiq's claims are moot.

7. Some or all of Zeltiq's claims for relief are barred in whole or in part because the alleged activities of Defendants are protected by the First and Fourteenth Amendments to the United States Constitution and/or by Article I, Section 2 of the California Constitution.

8. Some or all of Zeltiq's claims for relief are preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §301 *et seq.*

PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Zeltiq take nothing by its Complaint;
2. That the Court deny Zeltiq's request for injunctive relief;
3. That the Court deny Zeltiq's request for an order requiring disclosures by Defendants;
4. That the Court award Defendants' their recoverable costs and reasonable attorneys' fees as permitted by law; and
5. For such other and further relief as the Court deems just and proper.

Dated: February 4, 2013              SKAGGS FAUCETTE LLP

                                     By: _____/s/_____
                                         Jeffrey E. Faucette
                                     Attorneys for Defendants BTL INDUSTRIES, INC.
                                     and SATURN CONSULTING LLC